MARGHERITA LUPO, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Pleading — in action for conversion of chattels — carriers — counterclaim — amended answer — when judgment on verdict of jury in plaintiff's favor reversed — in Municipal Court of city of New York.

In an action brought in the Municipal Court of the city of New York against a railroad company for the conversion of chattels belonging to plaintiff's assignor, defendant is entitled to counterclaim a cause of action against plaintiff and her assignor for the conversion of articles in the custody of defendant as a common carrier.

Where, before any testimony was taken on the trial, defendant moved for leave to interpose an amended answer which pleaded as a counterclaim the facts constituting a cause of action against plaintiff and her husband, who was also her assignor, for the conversion of certain articles while in the

Supreme Court, Appellate Term, September, 1916. [Vol. 96..

custody of defendant as a common carrier, and simply demanded a dismissal of the complaint, an order denying the motion, and the judgment entered on the verdict of the jury in plaintiff's favor will be reversed and a new trial ordered upon the amended answer.

Appeal by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, seventh district, in favor of the plaintiff, entered on a verdict of a jury, and also from an order denying defendant's motion to amend by setting up a counterclaim, and from an order denying defendant's motion for a new trial.

Allen S. Hubbard, for appellant.

Charles Novello, for respondent.

Clark, J. Plaintiff had judgment against defendant for conversion after a trial by jury, in which the court directed judgment in plaintiff's favor, leaving to the jury the assessment of damages. Defendant appeals (1) from the judgment; (2) from an order denying defendant's motion to amend by setting up a counterclaim, and (3) from an order denying defendant's motion for a new trial.

The pleadings are written. The complaint sets up the conversion of chattels, belonging to Joseph Lupo, by the defendant, December 22, 1914; Lupo's cause of action having been assigned to the plaintiff, his wife, on November 26, 1915. Before any testimony was taken the defendant submitted and asked leave to interpose an amended verified answer, which, in addition to the general denials originally set up by the defendant, contains a separate defense by way of counterclaim, alleging that for about three years prior to

December 22, 1914, said Joseph Lupo and the plaintiff appropriated to their own use divers articles in the custody of the defendant, as a common carrier, of the value of $500. The amended answer did not demand affirmative judgment, but asked only for the dismissal of the complaint. In effect, the answer demanded an offset against plaintiff's claim ($190) of defendant's claim ($500); defendant's counterclaim, if proved, extinguishing the plaintiff's claim.

The motion to amend was denied as follows: " The Court: The motion to amend by including the counterclaim is denied because it does not come within section 84 of the Municipal Court Act, which makes provision of law applicable to like cases in the Supreme Court govern, nor is it within the provision of section 85 of the Municipal Court Act, and I hold it is not a matter in my discretion; and I hold as a matter of law that you cannot plead this counterclaim in this action."

It will be observed that the court disclaims discretionary action, but held " as a matter of law " the defendant could not plead the counterclaim in the action. If the court erred in excluding the amended answer, the error is substantial and calls for reversal.

The court seems to have misunderstood the change in practice brought about by the Municipal Court Code. Section 84 provides: " Except as otherwise provided in this act, a counterclaim and judgment thereon shall be governed by the provisions of law applicable to like cases in the supreme court."

Section 85 reads: " There may be included in the counterclaim any claims or causes of action mentioned in section six of this act, against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of one or more defendants between whom

and the plaintiff a separate judgment may be had in the action.''

Section 6, referred to in section 85, gives the Municipal Court jurisdiction in an action for conversion. The plaintiff having sued as assignee, in conversion, it was, therefore, competent for the defendant to counterclaim against her for conversion committed by her and her husband.

Plaintiff contends, however, that the counterclaim was not allowable because section 84 (Municipal Court Code) provides that a counterclaim shall be governed '' by the provisions of law applicable to like cases in the supreme court,'' and, further, because section 501, Code of Civil Procedure, restricts a counterclaim to a cause of action arising out of the '' transaction set forth in the complaint.'' Section 151 of the old Municipal Court Act repeated the language of section 501 of the Code of Civil Procedure, but the defendant claims that section 85 of the Municipal Court Code supersedes section 151 of the Municipal Court Act. The defendant has clearly the better of the argument.

Section 84 of the Municipal Court Code does not declare absolutely that a counterclaim shall be governed by the provisions of law applicable to like cases in the Supreme Court, but makes such provisions applicable '' except as otherwise provided in this act.'' Were it not for this exception, plaintiff's contention would be sound.

Section 85 of the Municipal Court Code, however, furnishes just the exception which covers the present case. Section 85 does not now limit a counterclaim to a cause of action '' arising out of the transaction set forth in the complaint,'' but permits a counterclaim for '' any claims or causes of action '' mentioned in section 6 of the act; which section, in turn, includes a claim or cause of action for conversion.

It is quite clear that the revisers intended to give to counterclaims the same broad scope which they gave to complaints. Section 79 of the Municipal Court Code reads: " The plaintiff may include in the same complaint any cause of action of which the court has jurisdiction, to the end that all matters of difference between the respective parties may, so far as practicable, be determined in one action."

In his annotated Municipal Court Code, Lauer considers the whole question and reaches the same conclusion. Mun. Ct. Code by Lauer, 414–418.

The court should, therefore, have allowed defendant's motion to amend its answer, and the case should be retried in the Municipal Court upon such answer.

Judgment and orders reversed, with thirty dollars costs, and new trial ordered in the Municipal Court upon the amended answer of the defendant as submitted upon the first trial.

JAYCOX and BENEDICT, JJ., concur.

Judgment and orders reversed, with thirty dollars costs, and new trial ordered.